IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RODNEY PATTERSON )
)
v. ) NO. 3:11-0789
)
MEDICAL DEPARTMENT, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMENDATION

By Order entered August 23, 2011 (Docket Entry No. 4), this action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending is the motion to dismiss (Docket Entry No. 10) of Defendants Metropolitan Government of Nashville, Correct Care Solutions, LLC, Davidson County Sheriff's Office, and Mark King, to which the plaintiff has not filed a response in opposition.[1] For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

---

[1] By Order entered October 20, 2011 (Docket Entry No. 14), the plaintiff was notified of the motion and given a deadline of November 30, 2011, to file a response. Although the plaintiff subsequently made several filings in this action, none of his filings appear to be a response to the motion to dismiss. See Docket Entry Nos. 16, 21, 23-25, and 27.

## I. BACKGROUND

The plaintiff filed this action pro se and in forma pauperis on August 17, 2011, seeking damages under 42 U.S.C. § 1983 based on events that occurred while he was confined as an inmate at the Davidson County Criminal Justice Center ("CJC") from October 2010, through August 2011.[2] Named as defendants are the Metropolitan Government of Nashville and Davidson County ("Metro"), the Davidson County Sheriff's Office ("Sheriff's Office"), the "Medical Department," "Medical Staff," and Markcus King.[3]

The plaintiff alleges that he suffers from a problem with his foot and toes and was scheduled for surgery prior to his incarceration. He asserts that his toes are "locked," that his toes and foot have become discolored and give off a foul odor, and that he suffers pain. He contends that, although he has been given a pair of "croc shoes" to wear and a walker and that medical staff have examined him, he has not been properly treated. See Complaint (Docket Entry No. 1), at 3-4.

In lieu of an answer, the Defendants have filed the pending motion to dismiss the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure contending that the plaintiff fails to state a claim against them upon which relief can be granted. Correct Care Solutions, LLC ("CCS") responded to the plaintiff's allegations made against the "medical department" and the "medical staff." The Defendant Sheriff's Office asserts that it is not a legal entity capable of being sued, and

---

[2] The plaintiff was confined in the CJC at the time he filed his complaint but he provided a free world mailing address of 150 Oak Park Drive, Nashville, TN 37204. See Complaint (Docket Entry No. 1, at 2-3). Court mail sent to the plaintiff at the Davidson County Sheriff's Office on November 7, 2011, was returned undelivered with the notation "released 11/8/11." See Docket Entry No. 30. An entry on the docket states that the plaintiff telephoned the Clerk's Office on November 10, 2011, to inform the Clerk of his current address.

[3] The defendant indicates that his first name is Mark, not Markcus.

Defendant King asserts that there are no specific factual allegations of wrongdoing made against him in the complaint. Metro and CCS contend that they cannot be sued merely because of the acts of their employees and that the complaint does not contain allegations which would support a constitutional claim brought directly against them.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need

not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000); abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

### III. CONCLUSIONS

The Defendants' motion to dismiss should be granted. Even when the plaintiff's complaint is given the most liberal reading, the complaint simply fails to allege facts sufficient to state plausible legal claims for relief against the Defendant under Section 1983. Accordingly, dismissal of each of the defendants is warranted.

The Defendant Sheriff's Office is not a legal entity capable of being sued under Section 1983. Although municipal corporations and other "bodies politic and corporate" may be sued under Section 1983, Mumford v. Basinski, 105 F.3d 264, 267 (6th Cir.), cert. denied, 522 U.S. 914, 118 S.Ct. 298, 139 L.Ed.2d 229 (1997), a sheriff's department is not a body politic or an entity that is considered a "person" and, thus, the Defendant Sheriff's Office cannot be sued under Section 1983. See Petty v. Franklin Cnty., 478 F.3d 341, 347 (6th Cir. 2007); Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994); Mathes v. Metropolitan Gov't of Nashville and Davidson Cnty., 2010 WL 3341889 (M.D. Tenn. Aug 25, 2010) (Trauger, J.); Baker v. Tennessee Dept. of Corr., 2009 WL

3271175 (M.D. Tenn. Oct. 9, 2009) (Echols, J.); Buchanan v. Williams, 434 F.Supp.2d 521, 529 (M.D. Tenn. 2006) (Haynes, J); Drennon v. ABL, 2006 WL 3448686 (M.D. Tenn. Nov. 27, 2006) (Campbell, C.J.); Timberlake by Timberlake v. Benton, 786 F. Supp. 676, 682-83 (M.D. Tenn. 1992) (Nixon, J.).

With respect to Defendant King, there are no factual allegations in the complaint that are directed at him or that show any wrongdoing on his part. In order for a defendant to be held individually liable under 42 U.S.C. § 1983, there must be facts showing that the defendant was personally involved in some manner in the unconstitutional conduct at issue. Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992). The plaintiff's complaint is devoid of any factual allegations showing that Defendant King personally participated in, or otherwise authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct as is required for a claim against him. As such, there is no basis in the complaint for a plausible claim of individual liability against Defendant King. See Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989).

Metro and CMS are the two remaining defendants named in the complaint. Neither defendant can be found liable under Section 1983 based solely upon a theory of respondeat superior because of the actions of their employees. See Board of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); Street v. Corrections Corp. of Am., 102 F.3d 810, 818 (6th Cir. 1996). Because neither defendant is an individual, the Section 1983 claims brought against them must be premised upon a showing of municipal liability under the analysis set out in Monell v. Department of Soc. Servs, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

5

In Monell, the United States Supreme Court held that a municipality can be found liable under Section 1983 if a policy of the municipality itself causes the constitutional violation at issue. The Supreme Court said, "[i]t is when execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983." 436 U.S. at 694. The plaintiff must show that the governmental entity was the "moving force" behind the violation of the constitutional rights at issue. City of Canton v. Harris, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), abrogated on other grounds, Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting Monell, 436 U.S. at 694), and that the complained-about action "was taken with the requisite degree of culpability and [the plaintiff] must demonstrate a direct casual link between the [defendant's] action and the deprivation of federal rights." Gregory, 220 F.3d at 442 (quoting Board of Cnty. Comm'rs of Bryan Cnty., 520 U.S. at 405).[4]

The plaintiff has not set forth any factual allegations showing the existence of a policy of Metro or CMS that is relevant to his case, let alone factual allegations supporting an inference that a policy of Metro or CMS was the moving force behind the alleged deficiencies in his medical care about which he complains as opposed to being the result of actions of individual actors. Merely positing a theory of legal liability which is unsupported by specific factual allegations does not state a claim for relief which survives a motion to dismiss. See Iqbal, 556 U.S. at 678-79. As this Court has noted, "[i]n the context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted Iqbal's standards strictly." Hutchison v. Metropolitan Gov't of Nashville and

---

[4] Although CMS is not a municipality, its liability is determined by the same analysis used for determining the liability of a municipality under Section 1983. See Starcher v. Correctional Med. Sys., Inc., 7 Fed.Appx. 459, 2001 WL 345810 (6th Cir. March 26, 2001) (applying policy requirement to CMS in prison medical care case).

Davidson Cnty., 685 F.Supp.2d 747, 751 (M.D. Tenn. Feb. 5, 2010) (J. Nixon) (collecting cases). The plaintiff's pleadings simply do not contain any factual allegations that support a municipal liability claim.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 10) of Defendants Metropolitan Government of Nashville, Correct Care Solutions, LLC, Davidson County Sheriff's Office, and Mark King a/ k/a/ Markcus King, be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge